Slip Op. 20-51

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HABAŞ SINAI VE TIBBI GAZLAR ISTIHSAL ENDÜSTRISI, A.Ş., <br><br> Plaintiff, <br><br> and <br><br> ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., <br><br> Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> REBAR TRADE ACTION COALITION, <br><br> Defendant-Intervenor. | Before: Mark A. Barnett, Judge <br> Consol. Court No. 17-00204 |

## OPINION AND ORDER

[Sustaining in part and remanding in part the U.S. Department of Commerce's Final Results of Redetermination Pursuant to Court Remand.]

Dated: April 17, 2020

David L. Simon, Law Office of David L. Simon, of Washington, DC, for Plaintiff Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi A.Ş.

Matthew M. Nolan and Leah N. Scarpelli, Arent Fox, LLP, of Washington, DC, for Consolidated Plaintiff Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S.

Elizabeth A. Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With her on the brief were Joseph A. Hunt, Assistant Attorney General, Jeanne E. Davidson,

Director, and <u>L. Misha Preheim</u>, Assistant Director. Of counsel on the brief was <u>David Richardson</u>, Senior Counsel, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

<u>Alan H. Price</u>, <u>John R. Shane</u>, and <u>Maureen E. Thorson</u>, Wiley Rein LLP, of Washington, DC, for Defendant-Intervenor Rebar Trade Action Coalition.

Barnett, Judge: This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") second redetermination upon remand. *See* Final Results of Redetermination Pursuant to Court Remand ("2nd Remand Results"), ECF No. 83-1. Plaintiff Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi A.Ş. ("Habaş") and Consolidated Plaintiff Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S. ("Icdas") (together, "Plaintiffs") each challenged certain aspects of Commerce's final affirmative determination in the sales at less than fair value investigation of steel concrete reinforcing bar ("rebar") from the Republic of Turkey.[1] *See Steel Concrete Reinforcing Bar From the Republic of Turkey*, 82 Fed. Reg. 23,192 (Dep't Commerce May 22, 2017) (final determination of sales at less than fair value) ("*Final Determination*"), ECF No. 17-5, *as amended by Steel Concrete Reinforcing Bar From the Republic of Turkey and Japan*, 82 Fed. Reg. 32,532 (Dep't Commerce July 14, 2017) (am. final affirmative antidumping duty determination for the Republic of Turkey and antidumping duty

---

[1] The administrative record associated with the *Final Determination* is divided into a Public Administrative Record, ECF No. 17-1, and a Confidential Administrative Record ("CR"), ECF No. 17-2. The administrative record associated with the 2nd Remand Results is contained in a Public Remand Record ("2nd PRR"), ECF No. 86-2, and a Confidential Remand Record, ECF No. 86-3. Parties submitted public and confidential joint appendices containing record documents cited in their briefs. *See* Public J.A. ("RPJA"), ECF No. 97; Confidential J.A. ("RCJA"), ECF No. 96.

Consol. Court No. 17-00204                                                                                        Page 3

orders), ECF No. 17-7, and accompanying Issues and Decision Mem., A-489-829 (May 15, 2017), ECF No. 17-6.[2]

The court has issued two prior opinions resolving most of the issues in this case, familiarity with which is presumed.  See *Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States* ("*Habaş I*"), 43 CIT ___, 361 F. Supp. 3d 1314 (2019); *Habaş Sinai ve Tibbi Gazlar Istihsal Endüstrisi, A.Ş. v. United States* ("*Habaş II*"), 43 CIT ___, 415 F. Supp. 3d 1195 (2019).  Briefly, in *Habaş I*, the court sustained Commerce's refusal to employ a quarterly cost-averaging methodology for either Plaintiff; selection of the invoice date as the date of sale for Habaş's U.S. sales; and rejection of Habaş's zero-interest short-term loans to calculate imputed credit expenses.  361 F. Supp. 3d at 1317–18.  The court remanded Commerce's method of calculating Plaintiffs' respective duty drawback adjustments by allocating exempted duties over total production and the use of partial adverse facts available in relation to certain sales for which Icdas could not provide manufacturer codes.  *Id.*  In *Habaş II*, the court sustained Commerce's revised duty drawback adjustment as applied to export price, remanded Commerce's decision to make a circumstance of sale adjustment to normal value in the same amount, and sustained Commerce's use of partial adverse facts available with respect to Icdas.  415. F. Supp. 3d at 1201.

---

[2] The period of investigation ("POI") was July 1, 2015, through June 30, 2016.  *Final Determination*, 82 Fed. Reg. at 23,192.

On remand, Commerce, under protest,[3] recalculated normal value without making a circumstance of sale adjustment and, consistent with *Saha Thai Steel Pipe (Public) Co. Ltd. v. United States*, 635 F.3d 1335, 1341–44 (Fed. Cir. 2011), increased the cost of production and constructed value to account for the cost of exempted import duties for which Plaintiffs remained liable until they satisfied the duty exemption program requirements. 2nd Remand Results at 3.

Habaş and Defendant-Intervenor Rebar Trade Action Coalition ("RTAC") filed comments in opposition to the 2nd Remand Results in whole or in part. While Habaş agrees with Commerce's duty drawback calculation methodology, Habaş challenges Commerce's decision not to include in the adjustment import duties forgiven in connection with two inward processing certificates[4]—IPC # 36 and IPC # 1598—that closed after the end of the POI. Habaş's Opp'n at 1, 6–11. RTAC challenges Commerce's rejection of its proposed cost-side adjustment that RTAC argues would result in duty-neutral margin calculations. [RTAC's] Cmts. on Final Results of Second Redetermination ("RTAC's Opp'n") at 5–12, ECF No. 89.

Defendant United States ("the Government") requests a remand for Commerce to include IPC # 36 in Habaş's drawback adjustment and urges the court to otherwise sustain the 2nd Remand Results. Def.'s Resp. to Cmts. on the Remand

---

[3] By making the determination under protest, Commerce preserves its right to appeal. *See Meridian Prods. v. United States*, 890 F.3d 1272, 1276 n.3 (Fed. Cir. 2018) (citing *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003)).

[4] An inward processing certificate ("IPC") is used to track "the identity, quantity, and value of goods to be imported" and subsequently exported in order "to satisfy the export commitment of the IPC." Confidential Cmts. of Pl. [Habaş] in Partial Opp'n to Redetermination on Second Remand ("Habaş's Opp'n") at 2, ECF No. 87.

Redetermination ("Gov't's Reply") at 4–9, ECF No. 93.  RTAC argues that Habaş has waived its objection to Commerce's exclusion of IPCs that closed post-POI by failing to raise them in a timely manner or, in the alternative, that the court should find the objection subject to the doctrine of laches.  Confidential [RTAC's] Opp'n to Pl. Habaş's Cmts. on Redetermination on Second Remand ("RTAC's Reply") at 4–9, ECF No. 94.  RTAC argues further that Commerce's exclusion of IPC # 36 and IPC # 1598 was reasonable and supported by substantial evidence.  *Id.* at 9–15.  Habaş supports Commerce's decision not to adopt RTAC's proposed methodology on the basis that it would add to the "cost of production an amount far in excess of the amount of duties drawn back" and is, therefore, unlawful.  Confidential Cmts. of Pl. [Habaş] in Resp. to Cmts. of [RTAC] on Final Results of Second Redetermination ("Habaş's Reply") at 3, ECF No. 90.[5]

For the reasons discussed herein, the court remands the 2nd Remand Results for Commerce to include exports subject to IPC # 36 in Habaş's duty drawback adjustment.  The 2nd Remand Results will be otherwise sustained.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to subsection 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i)(2012), and 28 U.S.C. § 1581(c) (2012).[6]

---

[5] Icdas filed comments supporting Commerce's duty drawback calculation methodology and requests the court to sustain the 2nd Remand Results.  Consol. Pl. [Icdas's] Cmts. on Second Remand Redetermination at 2–3, ECF No. 92.

[6] All further citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, and all references to the U.S. Code are to the 2012 edition.

The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed for compliance with the court's remand order." *SolarWorld Ams., Inc. v. United States*, 41 CIT \_\_\_, \_\_\_, 273 F. Supp. 3d 1314, 1317 (2017) (citation and internal quotation marks omitted).

## DISCUSSION

On remand from *Habaş II*, Commerce issued to interested parties a draft remand redetermination in which the agency recalculated Plaintiffs' respective normal values to exclude the circumstance of sale adjustment. Draft Results of Redetermination Pursuant to Court Remand (Dec. 26, 2019) at 3, 2nd PRR 1, RPJA Tab 15. Commerce also imputed exempted duty costs to the cost of production. *Id.*

In comments on the draft, Habaş argued that Commerce erred in excluding two IPCs covering POI exports to the United States but which "remained open at the end of the POI." Habaş Cmts. on Draft Redetermination in Second Remand (Jan. 3, 2010) at 2, 2nd PRR 6, RPJA Tab 16 (citing *Tosçelik Profil ve Sac Endüstrisi v. United States*, 42 CIT \_\_\_, \_\_\_, 348 F. Supp. 3d 1321, 1328 (2018)). Habaş argued further that it had "provided a reasonable methodology for calculating the drawback attributable to the exports under those two IPCs." *Id.* (citation omitted)

RTAC argued that Commerce's duty drawback calculation methodology continued to produce distorted margins. RTAC's Cmts. on Draft Results of Remand Redetermination (Jan. 3, 2020) at 6, 2nd PRR 8, RPJA Tab 17. To remedy this distortion, RTAC argued, *Saha Thai* permits Commerce to add "implied costs" to the

cost of production "on a per-unit basis, in an amount equivalent with the per-unit sales-side increase to [U.S. price]." *Id.* at 8.

Commerce rejected Habaş's and RTAC's arguments. Commerce explained that, unlike in *Toscelik*, in which the agency had "verified that IPCs which were open at the end of the POI had been closed prior to verification," here, "there is no information on the record that indicates that the two IPCs at issue have been closed." 2nd Remand Results at 8; *see also Toscelik*, 348 F. Supp. 3d at 1327–28. Commerce explained further that credit for exempted duties in the form of a duty drawback adjustment will only be given upon evidence that the subject country's government has forgiven those duties. 2nd Remand Results at 9. Thus, Commerce stated, it "will not provide credit for an open IPC" because the record lacks evidence "that the Turkish government has forgiven the input import duty liability under those open IPCs." *Id.* Commerce declined to adopt RTAC's methodology "because there is no statutory or regulatory basis for making such a cost-side adjustment," which amounts to "an artificial allocation of cost to compensate for the duty drawback adjustment to U.S. price." *Id.* at 8.

I. **The Government's Request for a Remand to Include IPC # 36 in Habaş's Duty Drawback Adjustment Will be Granted**

When an agency determination is challenged in the courts, the agency may "request a remand (without confessing error) in order to reconsider its previous position" and "the reviewing court has discretion over whether to remand." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (citations omitted). Remand is

appropriate "if the agency's concern is substantial and legitimate," but "may be refused if the agency's request is frivolous or in bad faith." *Id.*

Here, Commerce indicated that it intended to include closed IPCs in Habaş's duty drawback adjustment. 2nd Remand Results at 9. Commerce mistakenly believed, however, that the record lacked evidence demonstrating that IPC # 36 had been closed. *See id.*; Gov't's Reply at 5–6; Suppl. Questionnaire Resp. Concerning Duty Drawback of [Habaş] (Mar. 3, 2017), Ex. S4-2 at ECF p. 174, CR 364–74, RCJA Tab 6 (reflecting the closure of IPC # 36). The Government acknowledges that Commerce "mistakenly omitted" IPC # 36 from Habaş's duty drawback adjustment calculation. Gov't's Reply at 5–6. Correcting that mistake represents a "substantial and legitimate" concern for which the court will grant a remand. *See SKF USA*, 254 F.3d at 1029.

Cases relied on by RTAC to support its argument that Habaş has waived this claim are not persuasive in this regard. *See* RTAC's Reply at 6 (discussing *Changzhou Trina Solar Energy Co. v. U.S. Int'l Trade Comm'n*, 39 CIT ___, ___, 100 F. Supp. 3d 1314, 1347 n.40 (2015); *Novosteel SA v. United States*, 284 F.3d 1261, 1273–74 (Fed. Cir. 2002); *Ad Hoc Comm. of AZ-NM-TX-FL Prods. of Gray Portland Cement v. United States*, 19 CIT 929 (1995); and *Pomeroy Collection, Ltd. v. United States*, 37 CIT ___, ___, 893 F. Supp. 2d 1269, 1283 (2013)). It is not the case that Habaş raised this argument for the first time in a reply, thereby depriving other parties of the opportunity to respond. *See Changzhou Trina*, 100 F. Supp. 3d at 1347 n.40; *Novosteel SA*, 284 F.3d at 1274; *Pomeroy Collection*, 893 F. Supp. 2d at 1284. The *Ad Hoc Committee* court's

Consol. Court No. 17-00204                                                                         Page 9

finding that an argument was untimely is based on the party's change to a previously asserted position. 19 CIT at 929.

      RTAC also fails to persuade the court to apply the doctrine of laches. RTAC's Reply at 8. The doctrine of laches may apply when there is "(1) inexcusable delay on the part of the claimant; and (2) prejudice to [the opposing party] as a result of such delay." *Pepper v. United States*, 794 F.2d 1571, 1573 (Fed. Cir. 1986) (citation omitted). RTAC points to no specific prejudice resulting from Habaş's delay. *See* RTAC's Reply at 8 (referring generally to the need to defend this aspect of Commerce's calculations after Habaş's delay); *cf. Pepper*, 794 F.2d at 1575 (listing "such problems as difficulty in finding witnesses and documents" or "difficulty in reviving fading memories" as the types of prejudice that may bar litigation of "stale claims"). While efficiency considerations and the preservation of resources would benefit from Habaş's increased diligence in uncovering and raising its challenges to the *Final Determination*, here, Habaş did object to the exclusion of IPC # 36, Commerce erred in its response, and the record is such that Commerce can readily correct that error and amend Habaş's duty drawback adjustment. Indeed, Commerce wishes to do so.

      RTAC's remaining challenges to Commerce's inclusion of IPC # 36 lack merit. *See* RTAC's Reply at 10–12 (averring that confining inclusion of IPCs in margin calculations to those that closed during the POI is consistent with Commerce's practice and there is insufficient evidence that Commerce verified the closure of IPC # 36). In this proceeding, Commerce indicated its intent to include IPCs upon evidence of closure, 2nd Remand Results at 8–9, and the agency is satisfied with the record

evidence establishing that IPC # 36 was closed prior to verification, Gov't's Reply at 5–6. Accordingly, the court will remand this aspect of Commerce's determination.

## II. Commerce's Exclusion of IPC # 1598 is Supported by Substantial Evidence

With respect to IPC # 1598, Habaş argues that although it was not closed prior to verification, the reasoning behind *Toscelik* still applies. Habaş's Opp'n at 9–10. Habaş also finds support in *Habaş I*, asserting that the opinion "envisions that the respondent will be credited with all duties rebated on all its U.S. POI exports." *Id.* at 9 (citing *Habaş I*, 361 F. Supp. 3d at 1322). Habaş argues further that "Commerce acted arbitrarily and capriciously in failing to consider the reasonableness of Habaş's allocation [methodology]." *Id.*

*Toscelik* cannot fairly be read to support the proposition that Commerce must include all IPCs reflecting POI exports in its margin calculations regardless of whether record evidence demonstrates closure. 348 F. Supp. 3d at 1325 (finding critical to its analysis the fact that "Commerce collected and verified information on all of the [IPCs] submitted by [the plaintiffs] (regardless of whether the [IPCs] closed within the POI or not) for the amount of [the plaintiffs] uncollected import duties") (emphasis omitted). Notably, the court rejected the Government's argument that "it would be impracticable for Commerce to rely on information concerning [IPCs] closed after the POI" because Commerce verified "all the closed IPCs." *Id.* at 1327 (citation and internal quotation marks omitted). Thus, the court rejected Commerce's POI limitation as "unreasonably undercut[ting] its stated goals of accuracy, transparency, and predictability by *ignoring*

*verified record information.*"  *Id.* at 1328 (emphasis added).  Accordingly, *Toscelik* does not support the inclusion of IPC # 1598 in Habaş's adjustment.

Habaş errs further in seeking to rely on *Habaş I*.  Habaş's Opp'n at 9.  There, the court addressed Commerce's allocation of Habaş's exempted duties over total production.  *Habaş I*, 361 F. Supp. 3d at 1322–24.  Thus, its statements regarding application of the full duty drawback adjustment were made in that context and cannot be extended to cover an entirely distinct claim.  *See id.* at 1323.

Lastly, while Commerce did not explicitly reference its consideration of Habaş's allocation methodology, its rationale for rejecting that methodology is discernible to the court.  *See NMB Singapore Ltd. v. United States*, 557 F.3d 1316, 1319 (Fed. Cir. 2009) (providing that a court may sustain an agency decision when its explanation may not "be perfect" but "the path of [its] decision [is] reasonably discernable") (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).  Commerce explained that eligibility for inclusion in the adjustment is based on the existence of record evidence establishing that the IPC has closed, which demonstrates that "the Turkish government has forgiven the duty liability."  2nd Remand Results at 9.  Commerce reasonably predicates its inclusion of IPCs on evidence of closure as demonstrating final duty exemption; thus, Commerce was within its discretion to decline to adopt or further address Habaş's method of calculating duties conditionally exempted under open IPCs.  Accordingly, this aspect of Commerce's determination is sustained.

### III.  Commerce Reasonably Rejected RTAC's Proposed Methodology

RTAC argues that Commerce's rationale for rejecting its methodology is "unpersuasive" because its proposed methodology "is approved by the *Saha Thai* court—that of imputing duty costs sufficient to ensure that" normal value is increased by an amount equal to the duties included in export price.  RTAC's Opp'n at 10.

Missing entirely from RTAC's comments is any reference to the court's standard of review.  The court may not disturb the agency's determination unless it is unsupported by substantial evidence or otherwise not in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).  Commerce found RTAC's methodology to be unsupported by statute or regulation and RTAC has failed to demonstrate to the court that Commerce's finding was not in accordance with law.  While *Saha Thai* supports the imputation of duty costs to the cost of production based on the actual amount of exempted duties, it does not support—or require—an adjustment based on an artificial inflation of that amount.  635 F.3d at 1344 (explaining that "Commerce only added imputed import duty costs to [cost of production] in an amount appropriate to offset [the respondent's] *actual* import duty exemptions") (emphasis added); *see also* Habaş's Reply at 1–4 (arguing that RTAC's methodology would increase its cost of production by an amount that is greater than the amount of exempted duties).  Accordingly, RTAC's challenge to the 2nd Remand Results lacks merit.

Consol. Court No. 17-00204 					Page 13

## CONCLUSION AND ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that Commerce's 2nd Remand Results are remanded for Commerce to include IPC # 36 in its duty drawback calculations; it is further

**ORDERED** that Commerce's 2nd Remand Results are otherwise sustained; it is further

**ORDERED** that Commerce shall file its remand redetermination on or before July 1, 2020; it is further

**ORDERED** that subsequent proceedings shall be governed by USCIT Rule 56.2(h); and it is further

**ORDERED** that any comments or responsive comments must not exceed 3,000 words.

/s/     Mark A. Barnett
Mark A. Barnett, Judge

Dated: April 17, 2020
New York, New York